UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ANDRE TRAHAN** | **CASE NO. 6:22-CV-00152** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **VIVIS CORP** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss for lack of personal jurisdiction pursuant to F.R.C.P. Rule 12(b)(2) filed by Defendant Vivis Corp. (Rec. Doc. 7). Plaintiff opposed the Motion (Rec. Doc. 11), and Vivis replied (Rec. Doc. 14). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Vivis's Motion be granted.

### Factual Background

Plaintiff filed this suit against Vivis, a manufacturer and distributor of hemp products. Plaintiff alleges he purchased a Vivis product, advertised to contain zero tetrahydrocannabinol (THC), from the company's website. After ingesting the

product, he allegedly tested positive for THC and lost his job. (Rec. Doc. 1-1). The present issue is whether the Court may exercise personal jurisdiction over Vivis.

The jurisdictional facts are undisputed: 1) Vivis is a Wyoming corporation with its principal place of business in Texas, which offers its products for sale online. (Rec. Doc. 7-2, ¶3-5); 2) Vivis headquarters and all its employees are in Texas (Rec. Doc. 7-2, ¶6); 3) Vivis does not own property, maintain bank accounts, pay taxes, or conduct any other business in Louisiana (Rec. Doc. 7-2, ¶7-15); 4) Vivis's principal customers (65% of its customer base) are retailers located in Colorado, Ohio, Texas, Virginia, Washington, and Wisconsin and sell Vivis products in brick and mortar stores (Rec. Doc. 7-2, ¶16-17); 5) Vivis has never sold any products to Louisiana retailers for resale in Louisiana stores (Rec. Doc. 7-2, ¶18); 6) Vivis has sold products online to four (4) Louisiana customers, one of whom was Plaintiff, since its inception in 2019 (Rec. Doc. 7-2, ¶20-22).

Vivis argues these facts are insufficient to subject it to personal jurisdiction in Louisiana. Plaintiff argues otherwise. The resolution lies in the emerging law governing internet transactions.

## Law and Analysis

"Personal jurisdiction is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623, n. 2 (5th Cir.1999). When, as in this case, a

nonresident defendant challenges personal jurisdiction, the plaintiff, as the party seeking to invoke the power of the court, bears the burden of proving that jurisdiction exists. *Luv N'care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006), citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir.1982); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985). Because Vivis's motion will be decided without an evidentiary hearing, Plaintiff is required to present facts sufficient to constitute a *prima facie* case of personal jurisdiction to satisfy his burden. *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir.2003); *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir.2000). A *prima facie* showing of personal jurisdiction may be established by the pleadings, depositions, affidavits, or exhibits of record. *Guidry*, 188 F.3d at 625. The court must accept as true the party's uncontroverted allegations and resolve any factual conflicts in favor of the plaintiff. *Central Freight*, 322 F.3d at 376; *Alpine View*, 205 F.3d at 214; *Stripling v. Jordan Production Co.*, 234 F.3d 863 (5th Cir.2000). But the court is not required to credit conclusory allegations, even if left uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

  The Fifth Circuit has recognized that "[a]lthough the Internet and the other new communications technologies do present some strikingly new factual patterns and do change the way personal jurisdiction is acquired over some defendants at the margins, [] the analysis applicable to a case involving jurisdiction based on the

3

Internet ... should not be different at its most basic level from any other personal jurisdiction case." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 226–27 (5th Cir. 2012), quoting 4A Charles Alan Wright et al., Fed. Prac. & Proc. § 1073.1, at 322; 327 (3d ed.2002). Thus, "[i]f the defendant is not physically present in or a resident of the forum state and has not been physically served in the forum state, the federal court must undertake the traditional personal jurisdiction analysis." *Id*.

In determining whether personal jurisdiction is proper, a district court sitting in diversity, as in this case, applies the law of the forum state in which it sits. Fed. R. Civ. P. 4(e). The Louisiana Long-Arm Statute provides that this Court may exercise personal jurisdiction over any nonresident so long as the basis for such jurisdiction is consistent with the United States Constitution. Fed. R. Civ. P. 4(e). Consequently, the limits of the Louisiana Long-Arm statue are coextensive with the limits of constitutional due process. *Alonso v. Line*, 02-2644 (La. 05/20/03), 846 So.2d 745, *cert. denied*, 540 U.S. 967 (2003); *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1192 (La. 1987). This Court need only determine whether subjecting Vivis to suit in Louisiana would be consistent with the Due Process Clause of the Fourteenth Amendment. See, e.g., *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with that state, and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir.1999). In other words, due process is satisfied when the defendant's connection with Louisiana is such that the defendant should reasonably anticipate being haled into court in Louisiana. *Id*.

Minimum contacts may give rise to either specific jurisdiction or general jurisdiction. Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. *Walk Haydel*, 517 F.3d at 243. General jurisdiction exists if the defendant has engaged in continuous and systematic activities in the forum state. *Id*. The minimum contacts inquiry is broader and more demanding when general jurisdiction is alleged, requiring a showing of substantial activities in the forum state. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992). Therefore,

> [w]here a defendant has continuous and systematic general business contacts with the forum state, the court may exercise general jurisdiction over any action brought against the defendant. Where contacts are less pervasive, the court may still exercise specific jurisdiction in a suit arising out of or related to the defendant's contacts with the forum.

5

*Luv N'care*, 438 F.3d at 469.

To determine whether this Court has personal jurisdiction over Vivis in this lawsuit, it is necessary to first evaluate its contacts with the State of Louisiana. If Vivis has sufficient contacts to satisfy specific or general jurisdiction, then the second part of the analysis requires an evaluation of the fairness of exercising jurisdiction over Vivis.

The inquiry used to determine whether general jurisdiction exists is "dispute blind, the sole focus being on whether there are continuous and systematic contacts between the defendant and the forum." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999). That Vivis does not maintain continuous and systematic contacts with Louisiana is obvious. Plaintiff offers no meaningful argument otherwise. Vivis does not own property, pay taxes, hire employees, or otherwise conduct any business in Louisiana. According to Vivis's undisputed evidence, its only contact with Louisiana has been through its online sales to four (4) individual customers, including Plaintiff, since 2019. Thus, the Court finds that general jurisdiction does not exist.

The inquiry used to determine whether specific jurisdiction exists has three steps. First, it must be determined whether the defendant has minimum contacts with the forum state or, in other words, whether the defendant has purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of

conducting activities there. *Nuivo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir.2002). Random, fortuitous, or attenuated contacts are insufficient. *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir.2007). Second, it must be determined whether the plaintiff's cause of action arises out of or results from the defendant's contacts with the forum. *Nuivo Pignone*, 310 F.3d at 378. Finally, if the plaintiff satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that the forum state's exercise of jurisdiction would be unfair or unreasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir.2006).

In determining whether specific jurisdiction exists over internet sellers, the Fifth Circuit applies the sliding scale analysis set forth in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021).

> Under *Zippo*, a defendant has purposefully availed itself of the benefits and protections of the forum state if it "enters into contracts with residents of [the] foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet." It has not done so simply by posting information on a passive website. Between those extremes, purposeful availment turns on "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site."
>
> At bottom, *Zippo* seeks to answer the question: Has the defendant targeted the forum state? The touchstone of personal jurisction remains the existence of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

7

*Id*. (internal citations omitted)

In *Admar*, the Fifth Circuit concluded that the court did not have personal jurisdiction over a non-resident internet-based company absent evidence that the company's website specifically targeted Louisiana users. *Id*. at 787. Similarly, in *Pervasive Software*, jurisdiction "did not arise out of or result from the relatively sparse contacts involving Lexware's fifteen internet website sales of its products to twelve Texas billing addresses." *Pervasive Software Inc.,* 688 F.3d at 227. Neither did jurisdiction exist over a defendant company that had made only a "handful of sales, totaling less than $360, to Texas residents." *Am. Eyewear, Inc. v. Peeper's Sunglasses & Accessories, Inc.,* 106 F. Supp. 2d 895, 899 (N.D. Tex. 2000). Conversely, *Am. Eyewear* imposed personal jurisdiction over another defendant that regularly sold products over the internet to Texas residents, with sales occurring daily and typically in multiple transactions per day, and despite the fact that sales to Texas residents constituted less than .5% of the company's total sales. *Id*. at 898. See also *Monistere v. Losauro*, No. CIV.A. 13-22, 2013 WL 6383886, at *7 (E.D. La. Dec. 4, 2013) (single sale to Louisiana, the plaintiff, did not confer jurisdiction).

Plaintiff relies on *Tempur-Pedic Int'l, Inc. v. Go Satellite Inc.* for the proposition that Vivis's four sales to Louisiana residents are enough to confer specific jurisdiction. In that case, the defendant had made three online sales to Texas customers, one of which was the plaintiff. *Tempur-Pedic Int'l, Inc. v. Go Satellite*

8

*Inc.,* 758 F. Supp. 2d 366, 371 (N.D. Tex. 2010). The court reasoned that the defendant's website allowed orders from all states and that had the defendant "wanted to exclude certain jurisdictions, it was able to refuse to deal with certain customers or to turn down any orders after checking customer addresses." *Id*. at 376. This Court does not find *Tempur-Pedic* persuasive, because that decision pre-dates the Fifth Circuit's *Admar* and *Pervasive Software* opinions. The Court finds that *Admar* and *Pervasive Software* dictate a finding that four (4) sales to Louisiana residents are random, fortuitous events in light of the evidence of Vivis's typical customers (retailers in other states). Four sales do not constitute the purposeful availment contemplated by the most recent Fifth Circuit jurisprudence. Hence, the Court finds that it lacks specific jurisdiction over Vivis.

Having found the absence of both general and specific jurisdiction, the Court need not evaluate fairness. Hence, the Court finds that Vivis is not subject to personal jurisdiction in Louisiana.

## Conclusion

For the reasons discussed herein, the Court recommends that the Vivis's Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 7) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 25th day of February, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE